UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL SCATES (A-NUMBER: 206-174-006), | Case No.  1:26-cv-2145-DC-JDP |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, | |
| Respondent. | |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner has also filed a motion for the appointment of counsel.[1]  ECF No. 2.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.[2]  It does not plainly appear that

[1] The Federal Defender's Office ("FDO") subsequently filed an amicus motion asking the court to consider (1) appointing counsel for petitioner and (2) granting injunctive relief.  ECF No. 5 at 1.  Petitioner, however, has not sought injunctive relief, nor is he represented by the FDO. Moreover, the FDO stated that it did not have access to the petition for writ of habeas corpus, ECF No. 1, and it asked that the court consider injunctive relief only if petitioner requested it in the petition.  *See id*. at 3, 5.  To the extent that the FDO seeks injunctive relief as a movant, such request is denied because it is not authorized to seek relief on petitioner's behalf.

[2] This rule may be applied to petitions brought under section 2241.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

1

petitioner is not entitled to relief.  Therefore, I order the government to respond to the petition, and I set a briefing schedule.

Petitioner's motion for the appointment of counsel, ECF No. 2, is also granted.  In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Within seven days of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to ncannarozzi@caed.uscourts.gov, and counsel will be added as counsel for petitioner.  If counsel is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice*.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

2.  Petitioner's motion for the appointment of counsel, ECF No. 2, is GRANTED.

3.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the Federal Defender, Attention: Habeas Appointment.

4.  Within seven days of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to ncannarozzi@caed.uscourts.gov, and counsel will be added as counsel for petitioner.  If counsel is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice*.

5.  Within seven days of petitioner's counsel appearing, petitioner's counsel may file an amended petition.  If petitioner's counsel does not file an amended petition by that deadline, respondents are directed to file either an answer or a motion to dismiss the petition seven days

thereafter.

6.  The Federal Defender's Office's motion to consider the appointment of counsel and grant injunctive relief, ECF No. 5, is DENIED.

IT IS SO ORDERED.


Dated:    April 3, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE