UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL SCATES (A-NUMBER: 206-174-006), | Case No.  1:26-cv-2145-DC-JDP |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, | |
| Respondent. | |

Petitioner Joel Scates entered the United States in 2014, was ordered removed *in absentia* in 2023, and was detained by ICE in 2026.  Petitioner, now proceeding with counsel, has filed an amended petition for writ of habeas corpus, claiming that his detention violates the Fifth Amendment because he did not have notice of his removal proceedings.  For the following reasons, I recommend that the petition be denied.

**Background**

Petitioner entered the United States on a tourist visa in 2014.  ECF No. 15 at 13. Although his visa expired in 2015, petitioner remained in the country.  *Id*.  Thereafter, petitioner was issued a Notice to Appear, and he applied for asylum and withholding of removal.  *Id*.

In 2022, petitioner moved from Tennessee to California; at the time of his move, he filed a change of address form with U.S. Citizenship and Immigration Services ("USCIS").  ECF No.

1

13-2 at 2.  By February 2023, petitioner was receiving mail from USCIS at his California address.  *Id*. at 3.

In May 2023, petitioner was ordered removed *in absentia*.  ECF No. 15 at 8.  The immigration judge found that despite written notification being provided to petitioner at his address in Tennessee, petitioner "failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear."  *See id*.  There is no evidence that, after his removal order was issued but prior to his present detention, petitioner was detained by ICE.

In March 2026, ICE received a referral from TSA advising that petitioner had purchased a plane ticket for a flight two days thereafter.  *Id*. at 12.  ICE issued a warrant of removal/deportation for petitioner, who was re-detained by ICE at the airport.  *Id*. at 12-13, 21.

**Procedural History**

On March 18, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus, ECF No. 1, and a motion for appointment of counsel, ECF No. 2.  On March 30, 2026, petitioner filed an emergency motion for an order requiring respondent to return him to this district and to prohibit further transfers.  ECF Nos. 6 & 7.  The following day, the court denied petitioner's emergency motion on the basis that "this court retains jurisdiction over Petitioner's habeas petition notwithstanding his transfer to a detention facility outside of this district."  ECF No. 8.

On April 1, 2026, movant Federal Defender's Office filed an amicus motion, asking the court to consider issuing a temporary restraining order to enjoin petitioner's removal from the country.  ECF No. 9.  In its motion, the Federal Defender's Office stated that petitioner's brother had received a call from petitioner, who communicated that he was placed on a deportation flight that morning before being taken off the plane because it was overbooked, and that petitioner "realistically believes ICE will place him on the next deportation flight which could be hours away."  *Id*. at 2.

That same day, the court found that the "exigent circumstances present" warranted an order that, pending issuance of the court's order resolving the petition, respondent "shall not take any action to remove Petitioner from the United States."  ECF No. 10.

On April 3, 2026, I granted petitioner's motion for the appointment of counsel, ECF No. 2, and appointed counsel appeared on April 10, 2026.  *See* ECF Nos. 11 & 12.  On April 17, 2026, petitioner filed an amended petition.  ECF No. 13.  One week later, respondent filed an answer.  ECF No. 15. On May 1, 2026, petitioner filed a reply.  ECF No. 16.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his detention violates the Fifth Amendment because his removal order was entered *in absentia*.  ECF No. 13 at 9.  Respondent counters that petitioner is properly detained under 8 U.S.C. § 1231 because his removal order is final.  ECF No. 15 at 3.

As an initial matter, the court cannot reach what appears to be petitioner's primary argument: that his detention "is predicated upon a void *in absentia* removal order issued in violation of the Fifth Amendment."  ECF No. 16 at 1 (emphasis in original).  The appropriate forum for petitioner to challenge his *in absentia* removal order is through the administrative process and the Court of Appeals.  *See* 8 U.S.C. §§ 1252(a)(5), (b)(9).  Indeed, petitioner's removal order "may be rescinded only upon a motion to reopen" filed in immigration court in which petitioner demonstrates that he "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title."  8 U.S.C. § 1229a(b)(5)(C)(ii).  The Court of Appeals'

3

"review of a removal order entered *in absentia* is limited to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's absence from the proceeding, and (iii) whether or not the alien is removable." *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009) (citing 8 U.S.C. § 1229a(b)(5)(D)). Moreover, it appears that the Court of Appeals only reviews such orders after both an immigration judge and the Board of Immigration Appeals have denied the petitioner's motion to reopen proceedings. *See Singh v. Garland*, 117 F.4th 1145, 1149 (9th Cir. 2024); *Arredondo v. Lynch*, 824 F.3d 801, 803 (9th Cir. 2016); *Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 893 (9th Cir. 2003). Accordingly, to the extent that petitioner argues that his removal order is void, this argument must be rejected here.

Under section 1231, a noncitizen with a final order of removal is subject to mandatory detention for ninety days. 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). This time period is known as the removal period, and it typically begins when the order of removal becomes administratively final. *Id*. § 1231(a)(1)(B)(i). An *in absentia* removal order is final 180 days after it is entered. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021). Where a noncitizen is not removed by the expiration of the removal period, he or she is ordinarily released on an order of supervision. *Id*. § 1231(a)(3). Some noncitizens, however, "may be detained beyond the removal period." *Id*. § 1231(a)(6). In *Zadvydas*, the Supreme Court held that discretionary detention under section 1231(a)(6) is "presumptively reasonable" for up to six months, at which point the noncitizen may provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, petitioner's *in absentia* removal order was issued on May 30, 2023, and became final on November 26, 2023. *See* ECF No. 15 at 8; *Cui*, 13 F.4th at 996. Consequently, the removal period for petitioner expired on February 24, 2024, and he is no longer subject to mandatory detention. *See* 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). Instead, petitioner's detention is discretionary under section 1231(a)(6).

Petitioner has been in custody for approximately two months. *See* ECF No. 15 at 12-13. It thus appears that his detention remains "presumptively reasonable." *Zadvydas*, 533 U.S. at

4

701.  Even if this presumption did not apply, however, petitioner's detention would still satisfy due process because there is a significant likelihood of his removal in the reasonably foreseeable future.  *See id*.  Respondent states that, on March 31, 2026, immigration officers transferred petitioner to a staging facility so that he could board a removal flight, and that petitioner was only transferred out of the staging area because, on the following day, the court ordered that petitioner could not be removed during the pendency of this action.[1]  ECF No. 15 at 3.  As such, it appears that the only reason petitioner has not been removed is because of the court's order; respondent asserts that it is "prepared to remove Petitioner to Brazil if/when the stay of removal is lifted."  *See* ECF No. 10; ECF No. 15 at 4.  Because there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, his detention satisfies due process.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.  The amended petition for writ of habeas corpus, ECF No. 13, be DENIED.

2.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] As noted, the Federal Defender's Office also represented that petitioner told his brother that he had been placed on a deportation flight on April 1, 2026, and that he was taken off the plane because it was overbooked.  ECF No. 9 at 2.

IT IS SO ORDERED.


Dated:    June 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE