UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL SCATES (A-Number: 206-174-006),<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY,<br>Respondent. | Case No. 1:26-cv-02145-DC-JDP<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. No. 19) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (Doc. No. 19.) In those findings and recommendations, the magistrate judge found that the court "cannot reach what appears to be [P]etitioner's primary argument: that his detention 'is predicated upon a <u>void</u> *in absentia* removal order issued in violation of the Fifth Amendment'" because "the appropriate forum for [P]etitioner to challenge his *in absentia* removal order is through the administrative process and the Court of Appeals." (*Id.* at 3) (citing 8 U.S.C. §§ 1252(a)(5), (b)(9)). That finding is well supported. Indeed, under § 1252(a)(5), "a petition for review *filed with an appropriate*

*court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5) (emphasis added). Further, under § 1252(b)(9), "[e]xcept as otherwise provided in this section, no court shall have jurisdiction, *by habeas corpus under section 2241 of title 28 or any other habeas corpus provision* . . . to review such a [final] order [of removal] or such questions of law or fact." 8 U.S.C. § 1252(b)(9) (emphasis added); *see also Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007) ("The REAL ID Act changed the statutory regime . . . by eliminating all district court habeas jurisdiction over orders of removal.").

On July 9, 2026, Petitioner filed objections to the findings and recommendations in which he argues that he did not receive notice of his removal proceedings such that his *in absentia* order of removal is void and his detention is discretionary under 8 U.S.C. § 1226(a), not mandatory under 8 U.S.C. § 1231(a). (Doc. No. 21.) Petitioner argues that, although the magistrate judge found this court did not have jurisdiction to cancel that *in absentia* removal order, "the undisputed record proves that Petitioner was never given the notice required to make that order lawful" such that "the resulting detention is unconstitutionally arbitrary." (*Id.* at 2.) Thus, Petitioner argues, he "is not subject to a legitimate final order of removal for purposes of his detention, he is properly analyzed under 8 U.S.C. § 1226(a)." (*Id.* at 3.)

While Petitioner argues that he challenges the detention resulting from his void order of removal, not the validity of the order itself, Petitioner's argument is inherently predicated on the lawfulness of that order, which this court does not have jurisdiction to consider. Other courts within the Ninth Circuit have found that a habeas petition challenging the detention resulting from an allegedly unlawful *in absentia* removal order—as compared to the lawfulness of the in absentia removal order itself—presents a "distinction without a difference." *Bonilla-Acosta v. Mullin*, No. 5:26-cv-02423-DMK, 2026 WL 2367679, at *1 (C.D. Cal. July 21, 2026) ("While Petitioner argues that she is not seeking review of the underlying removal order and is only challenging 'the legality of her present detention and the Government's continued reliance upon a procedurally defective in absentia order,' this is a distinction without a difference. In order to find that Petitioner's detention is unconstitutional because it is based on a procedurally defective in

absentia order of removal, the Court must find that the order is procedurally defective in the first instance.").

Here, as in *Bonilla-Acosta*, Petitioner's underlying claim is that his order of removal is unconstitutional such that he cannot be subject to mandatory detention under § 1231(a). Thus here, as in *Bonilla-Acosta*, to determine that his detention is improper under § 1231(a) the court would need to determine that Petitioner's order of removal is unlawful in the first instance, a determination which this court lacks jurisdiction to make. Further, while Petitioner contends that his detention under § 1231(a) violates his right to due process because he did not receive notice of the removal proceedings, Petitioner *does* have a legal process to challenge the lawfulness of his detention; that process is delineated in § 1252. Petitioner neither argues why that process is insufficient to protect his rights under the Fifth Amendment nor alleges why he did not avail himself of that process in the over five months that his removal has been stayed during the pendency of this petition.

Thus, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, following a *de novo* review of this case and a careful review of the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 25, 2026 (Doc. No. 19) are ADOPTED;

2. The amended petition for writ of habeas corpus (Doc. No. 13) is DENIED;

3. Respondents' motion to dissolve or lift the court's no-transfer order (Doc. No. 22) is DENIED as having been rendered moot by this order; and

/////

/////

/////

/////

/////

/////

4. The Clerk of Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Dena Coggins
United States District Judge